IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRADLEY THOMAS UREN                                                    PLAINTIFF

               v.          Civil No. 3:22-cv-03050-TLB-MEF

LIEUTENANT SEBASTIAN DENNIS;
CAPTAIN JEFF LEWIS;
SERGEANT TABITHA MAZE;
SHERIFF JOHN MONTGOMERY;
SERGEANT CLAY MAPLE;
CORPORAL TOMMY CRUZ; and
JAILER SAMMATHA WELLS                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff under 42 U.S.C. § 1983.   Plaintiff proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court on Plaintiff's failure to obey the Court's Orders.

## I.          DISCUSSION

Plaintiff filed his Complaint to initiate this action on September 13, 2022.   (ECF No. 1). When he filed the case, Plaintiff was specifically advised that if his address changed he had thirty (30) days to provide the Court with his new address.   (ECF No. 3).   He was advised that "[t]he case will be subject to dismissal if [he] fail[ed] to inform the Court of an address change."   *Id.*

An Initial Scheduling Order was issued on October 19, 2022.   (ECF No. 10).   On February 13, 2023, an Order was entered extending the discovery and the summary judgment filing deadlines.   (ECF No. 13).

1

On May 19, 2023, Defendants timely filed a Motion for Summary Judgment.   (ECF Nos. 14-16).   On May 30, 2023, an Order was entered directing Plaintiff to respond to the Summary Judgment Motion by June 20, 2023.   (ECF No. 17).   Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure.   In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted, and/or (b) the case would be subject to dismissal.

On June 26, 2023, Plaintiff filed a Motion for an Extension of Time to file his summary judgment response.   (ECF No. 20).   Plaintiff was given a generous extension of time until July 31, 2023, to file his summary judgment response.   (ECF No. 22).   Plaintiff was advised that failure to file a timely summary judgment response would result in the dismissal of the case.   (ECF No. 23).   Plaintiff did not file a response to the Summary Judgment Motion.   No mail had been returned as undeliverable at this point in time.

On August 8, 2023, a Show Cause Order was entered.   (ECF No. 24).   However, on August 22, 2023, the Show Cause Order was returned as undeliverable.   (ECF No. 25).   The mail was addressed to the Plaintiff at his address as shown on the docket sheet—the Baxter County Detention Center.   Plaintiff had thirty (30) days, or until September 21, 2023, to provide the Court with his new address.

Plaintiff has not provided the Court with a new address.   He has not filed a response to the Summary Judgment Motion.   Plaintiff has failed to comply with the Court's Orders (ECF Nos. 3, 17 & 22).   Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.   *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).   The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.   Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."   *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).   Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.   Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803.   When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice.   *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).

In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or ... persistent failure to prosecute a complaint.   [The Court must consider] ... whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court.   However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.   *Id.*

3

Here, Defendants expended resources conducting discovery and preparing their Motion for Summary Judgment.   Plaintiff was given an extension of time to prepare his response.   Plaintiff was advised in the Court's Order directing a response and in the Order granting his request for an extension of time that failure to comply with the Orders would result in the dismissal of this case. Plaintiff then chose not to respond to the Summary Judgment Motion.   The Summary Judgment Motion has been pending since May 19, 2023.   Additionally, Plaintiff was advised at the outset of this case that failure to keep the Court apprised of any changes in his address would result in dismissal of his case.

## II.   CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2023.

/s/  *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE